IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                      CRIMINAL ACTION NO. 5:11-cr-00078

ANTHONY SCOTT MILLER,

        Defendant.

**REVOCATION OF SUPERVISED RELEASE AND JUDGMENT ORDER**

On the 1st day of November 2012, came the Defendant, Anthony Scott Miller, in person and by counsel, David R. Bungard, AFPD, and also came the United States by Jennifer L. Rada, AUSA, for a hearing on the *Petition for Warrant or Summons for Offender Under Supervision* submitted by the Defendant's supervising probation officer.  United States Probation Officer Troy A. Lanham was also present at the hearing.

On October 5, 2011, the Defendant was sentenced to a term of imprisonment of twenty-four (24) months to be followed by a term of supervised release of thirty (30) years.  The Defendant began serving the term of supervised release on February 3, 2012.  On September 25, 2012, the *Petition for Warrant or Summons for Offender Under Supervision* (Document 56) was filed charging the Defendant with violating certain conditions of supervised release.  An *Amendment to Petition* (Document 70) was filed on October 31, 2012.

1

At the hearing, the Court found that the Defendant had received written notice of the alleged violations as contained in the *Petition* and the *Amendment*, and that the evidence against the Defendant had been disclosed. The Court further found that the Defendant appeared, was given the opportunity to present evidence, and was represented in the proceeding by counsel.

The Court then found, by a preponderance of the evidence, that the Defendant violated certain conditions of supervised release as contained in the *Petition* and in the *Amendment*, specifically:

1) **Violation of Standard Condition: The Defendant shall not unlawfully possess a controlled substance. The Defendant shall refrain from any unlawful use of a controlled substance**: The Defendant submitted urine specimens that tested positive for marijuana on June 18, 2012, and on August 6, 2012. The Defendant admitted to his probation officer that he purchased, possessed, and used marijuana on or about June 18, and July 31, 2012. Additionally, as alleged in the *Amendment*, on September 28, 2012, the Defendant submitted a urine specimen which tested positive for marijuana. The Defendant admitted to his probation officer that he had illegally possessed and used marijuana during the previous week;

2) **Violation of Standard Condition No. 2: The Defendant shall report to the probation officer**: The Defendant failed to report to the probation office as instructed on July 30, September 10, and September 17, 2012;

3) **Violation of Standard Condition No. 3: The Defendant shall follow the instructions of the probation officer**: The Defendant was instructed to attend all sex offender treatment groups and to report to the probation office in person every Monday. The Defendant failed to report to sex offender treatment on August 2, September 6, and September 13, 2012. The Defendant failed to report in person to the probation office as instructed on July 30, September 10, and September 17, 2012;

4) **Violation of Standard Condition No. 8: The Defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered**: On June 18, and August 6, 2012, the Defendant admitted to his probation officer that he frequented places where he knew he could purchase marijuana;

5) **Violation of Standard Condition No. 9: The Defendant shall not associate with any person engaged in criminal activity**: On June 18, and August 6, 2012, the Defendant admitted to his probation officer that he associated with individuals he knew to be engaged in the sale of marijuana;

6) **Violation of Special Condition 1: The Defendant shall submit to a psycho-sexual evaluation by a qualified mental health professional experienced in evaluating and managing sexual offenders as approved by the U.S. Probation Officer. The Defendant shall complete the treatment recommendations and abide by all of the rules, requirements and conditions of the program until discharged**: On September 13, 2012, the Defendant was terminated from the Family Counseling Connection sex offender treatment group for violation of program rules, lack of progress, and absences without notification;

7) **Violation of Standing Order Condition No. 2: The Defendant shall submit to random urinalysis or any drug screening method whenever the same is deemed appropriate by the probation officer and shall participate in substance abuse program as directed by the probation officer**: On July 31, August 21, and September 7, 2012, the Defendant failed to report for scheduled urinalyses.

In making these findings, the Court relied upon the information contained in the *Petition* and in the *Amendment*, the evidence presented at the hearing, and the Defendant's admission that he committed the allegations as contained therein, with the exception of Violation No. 6, which the Defendant contested. For the reasons more fully stated on the record, the Court found that the Defendant violated the terms of supervised release as set forth above, including Violation No. 6.

Having found the Defendant to be in violation of the conditions of supervised release, the Court **REVOKED** the Defendant's supervised release and, for the reasons more fully stated on the record, entered judgment as follows:

It is the **JUDGMENT** of the Court that the Defendant be committed to the custody of the Federal Bureau of Prisons for a term of **EIGHT (8) MONTHS**. The Court **RECOMMENDS** to the Bureau of Prisons that the Defendant be placed in a medical facility. Upon release from prison, the Defendant shall be placed on supervised release for a term of **THIRTY (30) YEARS**.

Within seventy-two (72) hours of release from custody, the Defendant shall report in person to the United States Probation Office in the district to which the Defendant is released. While on supervised release, the Defendant must not commit another federal, state, or local crime, must not possess a firearm or other dangerous device, and must not unlawfully possess a controlled substance. The Defendant must also comply with the standard terms and conditions of supervised release as recommended by the United States Sentencing Commission and as adopted by the United States District Court for the Southern District of West Virginia, including the special condition that the Defendant shall participate in a program of testing, counseling, and treatment for drug and alcohol abuse as directed by the probation officer, until such time as the Defendant is released from the program by the probation officer. The Defendant must also abide by the **CONDITIONS OF RELEASE** previously set by the Court on October 5, 2011, which include the following:

1) The Defendant shall submit to a psycho-sexual evaluation by a qualified mental health professional experienced in evaluating and managing sexual offenders as approved by the U.S. Probation Officer. The Defendant shall complete the treatment recommendations and abide by all of the rules, requirements and conditions of the program until discharged. The Defendant shall take all medications as prescribed unless the Defendant is authorized by the qualified mental health professional to cease use of the prescribed medication;

2) The Defendant shall submit to risk assessments, psychological and physiological testing, which may include, but is not limited to, a polygraph examination or other specific tests to monitor his compliance with supervised release treatment conditions, at the direction of the U.S. Probation Officer;

3) The Defendant's residence and employment shall be approved by the U.S. Probation Officer. Any proposed change in residence or employment must be provided to the U.S. Probation Officer at least 10 days prior to the change and pre-approved before the change may take place;

    4)       The Defendant shall register with any local and/or State Sex Offender Registration agency in any state where the Defendant resides, is employed, carries on a vocation, or is a student, pursuant to state law; and

    5)       The Defendant shall cooperate in the collection of DNA as directed by the Probation officer.

With regard to Condition 1) set forth above, the Court preserves the Defendant's objection to the same and **ORDERS** that the psycho-sexual evaluation should occur prior to any treatment and that the resulting treatment be related to the findings and conclusions of said evaluation.

In addition, the Defendant shall comply with the following additional **SPECIAL CONDITIONS OF SUPERVISED RELEASE**:

    1)       The Defendant shall reside at Dismas Charities halfway house for a period of one hundred-eighty days as a condition of supervised release and abide by the rules and regulations of the facility. While residing at the halfway house, the Defendant shall not be responsible for subsistence payments;

    2)       The Defendant shall have no direct or indirect contact, at any time, for any reason, with the victim(s) identified in the presentence report or the victim's family;

    3)       The Defendant shall not associate or have verbal, written, telephonic or electronic communications with any minor except:   1) in the presence of the parent or legal guardian of said minor; 2) on the condition that the Defendant notifies the parent or legal guardian of the Defendant's sex offender conviction(s); and 3) with written approval from the U.S. Probation Officer.  This provision does not encompass minors working as waiters, cashiers, ticket vendors, and similar service personnel with whom the defendant must deal in order to obtain ordinary and usual commercial services; and

    4)       The Defendant shall submit to one drug test within 15 days of release and at least two periodic drug tests thereafter as a condition of supervised release.

The Defendant was remanded to the custody of the United States Marshal.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, to the United States Attorney, to the United States Probation Office, and to the Office of United States Marshal.

ENTER: November 2, 2012

*Irene C. Berger*
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA