UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

UNITED STATES OF AMERICA

v.                                              CRIMINAL ACTION NO. 5:11-cr-00078

ANTHONY SCOTT MILLER

**MEMORANDUM OPINION AND ORDER**

On April 17, 2023, Defendant Anthony Miller was charged in a Petition for Warrant or Summons for Offender Under Supervision with violating certain conditions of his supervised release, including the statutory condition which prohibits him from committing another "federal, state or local crime." [Doc. 106]. For the following reasons, the Court assigns a Violation Grade of B to the conduct underlying Violation No. 1 of the Petition.

**I.**

On October 5, 2011, Mr. Miller was convicted of failing to register as a sex offender in violation of 18 U.S.C. § 2250 and sentenced to a term of imprisonment of twenty-four months, to be followed by a thirty-year term of supervised release. On February 3, 2012, Mr. Miller was released from custody and began serving his term of supervised release.

On April 17, 2023, Mr. Miller's probation officer filed a Petition for Warrant or Summons for Offender Under Supervision ("Petition") charging Mr. Miller with violating certain conditions of his supervised release. [Doc. 106]. An Amendment to Violation No. 2 of the Petition was filed on June 20, 2023. [Doc. 119]. Violation No. 1 of the Petition alleged Mr. Miller violated the statutory condition of his supervised release which prohibits him from committing another "federal, state or local crime." *Id.* at 1. Specifically, Mr. Miller was "arrested by a member of the West Virginia State Police for eight felony counts for failure to register [as a sex offender] or

provide notice of registration changes" while residing in West Virginia. *Id.* Mr. Miller did not dispute that the United States could prove the alleged violations by a preponderance of the evidence. [Docs. 122 at 1; 124 at 2–3]. Accordingly, the parties recommended the Court assign a Violation Grade of B to the conduct underlying Violation No. 1.

On July 6, 2023, the Court ordered the parties to file briefs addressing the following regarding the allegations contained in Violation No. 1 of the Petition: (1) the underlying offense(s) of conviction that resulted in the imposition of Mr. Miller's sex offender registration requirement(s); (2) the statute Mr. Miller allegedly violated by failing to register or update his registration; (3) the process by which either or both parties arrive at the violation grade the Court is urged to adopt herein; and (4) the underlying documents that bear upon the foregoing.

## II.

**A.** *The Underlying Offense Requiring Registration in West Virginia*

West Virginia's Sex Offender Registration Act requires a person who has been convicted of an offense under a statutory provision of another state "which requires proof of the same essential elements" as any of the specific offenses listed within the subsection to register as a sex offender. W. Va. Code § 15-12-2(b). The parties agree that Mr. Miller's 2003 felony conviction in the Franklin County, Ohio, Court of Common Pleas for the offense of gross sexual imposition is the underlying offense which requires Mr. Miller to register as a sex offender in West Virginia. [*See* Docs. 122 at 1–2; 124 at 1–2; 124 at 2]. Specifically, Mr. Miller was convicted under Section 2907.05 of the Ohio Revised Code, which provides:

> No person shall have sexual contact with another, not the spouse of the offender; cause another, not the spouse of the offender, to have sexual contact with the offender; or cause two or more other persons to have sexual contact when . . . [t]he other person, or one of the other persons, is less than thirteen years of age, whether or not the offender knows the age of that person.

Ohio Rev. Code § 2907.05(A)(4). Ohio classifies this offense as a felony in the third degree. *Id.* § 2907.05(C)(2). Mr. Miller contends the Ohio statute is similar to the listed offense of sexual abuse in the first degree provided in West Virginia Code section 61-8B-7. [*See* Doc. 122 at 2 n.1]. The United States submits it is more like the listed offense of sexual assault in the third degree enumerated in subsection 61-8B-5(a)(2). [Doc. 125 at 3]. Inasmuch as subsection 61-8B-5(a)(2) describes a felony in the third degree involving an adult offender and minor victim, the Court finds it is most analogous to Mr. Miller's Ohio offense. *Compare* W. Va. Code § 61-8B-5(a)(2) ("A person is guilty of sexual assault in the third degree when . . . [t]he person, being sixteen years old or more, engages in sexual intercourse or sexual intrusion with another person who is less than sixteen years old and who is at least four years younger than the defendant and is not married to the defendant.") *with* W. Va. Code § 61-8B-7 ("A person is guilty of sexual abuse in the first degree when . . . [s]uch person, being fourteen years old or more, subjects another person to sexual contact who is younger than twelve years old.").

Accordingly, Mr. Miller is required to register as a sex offender in West Virginia. Because the offense involved a minor, Mr. Miller must maintain his registration for the remainder of his life while residing in the state. W. Va. Code § 15-12-4(a)(2)(E).

**B.     *The Statute Mr. Miller Violated in Failing to Update His Registration***

In failing to update his registration on time, Violation No. 1 of the Petition only alleges Mr. Miller violated West Virginia Code subsection 15-12-8(c). [Docs. 122; 124 at 2; 125 at 2–3]. Mr. Miller acknowledges that he is required to register under both state law and the federal Sex Offender Registration Act ("SORNA"); however, he contends the underlying conduct alleged in Violation No. 1 does not satisfy the requirements for a federal SORNA violation under 18 U.S.C. § 2250 because (1) Violation No. 1 does not sufficiently allege that he traveled in interstate

commerce, and (2) his prior federal conviction is not a qualifying federal sex offense. [*See* Doc. 122 at 2–3].

State sex offenders like Mr. Miller may be charged with violating 18 U.S.C. § 2250 if they "(1) have been required to register under SORNA; (2) 'travel[ ] in interstate ... commerce'; and (3) 'knowingly fail[ ] to register or update a registration as required' by SORNA." *United States v. Spivey*, 956 F.3d 212, 215 (4th Cir. 2020) (quoting 18 U.S.C. § 2250(a)); *see also United States v. Wass*, 954 F.3d 184, 187 (4th Cir. 2020). Proof of travel between states is required to satisfy the second element. *Spivey*, 956 F.3d at 215. Violation No. 1 contains no allegations that Mr. Miller traveled to another state and then failed to timely update his registration; rather, the conduct charged occurred exclusively in Kanawha County.

Nevertheless, "[a] 'federal sex offender, unlike a state sex offender, does not need to travel interstate to commit a SORNA offense.'" *Spivey*, 956 F.3d at 216 (4th Cir. 2020) (quoting *United States v. Holcombe*, 883 F.3d 12, 15–16 (2d Cir. 2018))). Mr. Miller was previously convicted in this District of failing to register as a sex offender in violation of 18 U.S.C. § 2250(a). However, this offense is excluded from the list of federal "sex offenses" requiring registration under SORNA. *See* 34 U.S.C. § 20911(5)(iii). Accordingly, Mr. Miller's conduct underlying Violation No. 1 does not constitute a federal SORNA violation inasmuch as, *inter alia*, the interstate travel requirement is not satisfied, and Mr. Miller lacks a relevant prior federal conviction.

C.  ***The Process by Which the Parties Arrive at the Recommended Violation Grade***

The parties agree Mr. Miller's conduct is appropriately categorized as a Grade B violation. [Docs. 124 at 3–4; 125 at 3–4]. Specifically, Mr. Miller submits that although he is charged with eight counts of violating West Virginia Code subsection 15-12-8(c), he has no prior

4

convictions under the statute and thus his conduct can only be charged as a first offense. [Doc. 124 at 3]. In addition, Mr. Miller reiterates that his prior federal conviction is not a predicate offense which would qualify as a second offense under the West Virginia statute. [*Id.*]. The punishment for a first offense under the statute is a term of imprisonment of not less than one year nor more than five years. W. Va. Code § 15-12-8(c). Accordingly, the parties maintain that, pursuant to the *United States Sentencing Guidelines*, Mr. Miller's conduct is appropriately categorized as a Grade B violation as it would be punishable by a term of imprisonment exceeding one year. [*Id.* (citing U.S.S.G. §7B1.1(a)(2)); *see also* Doc. 125 at 4]. The Court agrees.

**IV.**

For the foregoing reasons, the Court affixes a Violation Grade of B to the conduct underlying Violation No. 1 in the Petition. Because Mr. Miller's other violations are assigned a lower Violation Grade of C, the Court uses the higher violation grade B in calculating Mr. Miller's potential revocation sentence.

The Clerk is directed to send a copy of this written opinion and order to the Defendant, counsel of record, and the United States Probation Office.

ENTER: August 31, 2023



Frank W. Volk
United States District Judge